UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TARANGO D. PADILLA,<br><br>                    Petitioner,<br><br>vs.<br><br>RANDY BLADES,<br><br>                    Respondent. | Case No. 1:17-cv-00527-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

      Petitioner Tarango D. Padilla filed a Petition for Writ of Habeas Corpus challenging his state court grand theft and persistent violator convictions. (Dkt. 1.) Respondent Randy Blades filed a Motion for Partial Summary Dismissal. (Dkt. 8.) Petitioner has filed his Response (Dkt. 8), and the motion is ripe for adjudication.

      The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by the parties. *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006). Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order.

**MEMORANDUM DECISION AND ORDER - 1**

# REVIEW OF MOTION FOR PARTIAL SUMMARY DISMISSAL

## 1. Introduction

Petitioner brings four claims in his Petition for Writ of Habeas Corpus:

1. Claim One: A Sixth Amendment ineffective assistance of trial counsel claim that counsel was ineffective for (a) failing to investigate, (b) deficiently relying on the state's investigation, (c) failing to discover favorable witnesses; and (d) failing to obtain *Brady* evidence from the State.[1]

2. Claim Two: A Fourth Amendment violation regarding suppression of evidence (it is unclear whether this is intended to be an ineffective assistance of counsel claim and/or a stand-alone claim);

3. Claim Three: A Fourteenth Amendment withholding of exculpatory evidence claims (it is unclear whether this is intended to be an ineffective assistance claim and/or a stand-alone claim); and

4. Claim Four: A Sixth and Fourteenth Amendment trial court error claim, based on the state district court's refusal to give Petitioner's proposed jury instruction on a lesser included offense (it is unclear whether this is intended to be an ineffective assistance claim and/or a stand-alone claim).

(*See* Dkts. 1, 5.)

In the Motion for Partial Summary Dismissal, Respondent asserts that the following claims are procedurally barred: Claim One is procedurally defaulted; Claim Two, if construed as a stand-alone claim, is procedurally defaulted and noncognizable as

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

**MEMORANDUM DECISION AND ORDER - 2**

a federal claim; and Claims Three and Four, construed as stand-alone or ineffective assistance claims, are procedurally defaulted. Claim Two, construed as an ineffective assistance claim is not at issue.

2. **Standard of Law**

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991).

If a claim has not been properly exhausted in the state court system, the claim is considered "procedurally defaulted." *Coleman,* 501 U.S. at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or,

alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

An attorney's errors that rise to the level of a violation of the Sixth Amendment right to effective assistance of counsel may, under certain circumstances, serve as a cause to excuse the procedural default of other claims. *Murray v. Carrier*, 477 U.S. at 488. However, an allegation of ineffective assistance of counsel will serve as cause to excuse the default of other claims *only* if the ineffective assistance of counsel claim itself is not procedurally defaulted or, if defaulted, a petitioner can show cause and prejudice for the default. *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000). In other words, before a federal court can consider ineffective assistance of counsel as cause to excuse the default of underlying habeas claims, a petitioner generally must have presented the ineffective assistance of counsel claim in a procedurally proper manner to the state courts, such as in a post-conviction relief petition, including through the level of the Idaho Supreme Court.

As to a related but different topic–errors of counsel made on post-conviction review that cause the default of other claims–the general rule on procedural default is that

**MEMORANDUM DECISION AND ORDER - 4**

any errors of a defense attorney during a post-conviction action *cannot* serve as a basis for cause to excuse a petitioner's procedural default of his claims. *See Coleman v. Thompson*, 501 U.S. at 752. This rule arises from the principle that a petitioner does not have a federal constitutional right to effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993).

*Martinez v. Ryan*, 566 U.S. 1 (2012), established a limited exception to this general rule. That case held that inadequate assistance of post-conviction review (PCR) counsel or lack of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 9. To demonstrate ineffective assistance of PCR counsel, a petitioner must show that a defaulted ineffective assistance of trial counsel claim is "substantial," meaning that the claim has "some merit." *Id*. at 14. To show that a claim is substantial, Petitioner must show that trial counsel performed deficiently, resulting in prejudice, defined as a reasonable probability of a different outcome at trial. *Id*.; *see Strickland v. Washington*, 466 U.S. 668, 695-96 (1984).

If a petitioner cannot show cause and prejudice for a procedurally defaulted claim, he can still raise the claim if he demonstrates that the court's failure to consider it will result in a "fundamental miscarriage of justice." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496.

**MEMORANDUM DECISION AND ORDER - 5**

To show a miscarriage of justice, a petitioner must make a colorable showing of factual innocence, *Herrera v. Collins*, 506 U.S. 390, 404 (1993), meaning that the new evidence presented shows "it is more likely than not that no reasonable juror would have found Petitioner guilty." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Types of evidence that "may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996). The evidence supporting the actual innocence claim must be "newly presented" evidence of actual innocence, meaning that "it was not introduced to the jury at trial"; it need not be "newly discovered," meaning that it could have been available to the defendant during his trial, though it was not presented to the jury. *Griffin v. Johnson*, 350 F.3d 956, 962–63 (9th Cir. 2013).

### 3. Discussion of Claim One

Respondent's argument as to Claim One is simple: Petitioner presented only *one* ineffective assistance of counsel claim to the Idaho Supreme Court during post-conviction appeal following remand[2]— "Did the [post-conviction] Court err in denying Mr. Padilla's petition for post-conviction relief because trial counsel was ineffective in failing to move to suppress unconstitutionally obtained evidence?" (State's Lodging F-1,

---

[2] In his post-conviction action, Petitioner brought three different ineffective assistance of counsel claims: (1) failure of trial counsel to file a motion to suppress, (2) failure of trial counsel to timely file a notice of alibi; and (3) failure of appellate counsel to appeal all issues. (State's Lodging C-1, pp. 54-55, 232-37.) However, on appeal of that matter, he raised only the ineffective assistance suppression claim. (State's Lodging D-1, p. 5.) The case was remanded for the state district court to make factual findings and conclusions of law regarding the suppression claim. (State's Lodging D-4.) The second time around on appeal, Petitioner again raised only the ineffective assistance of counsel suppression claim.

**MEMORANDUM DECISION AND ORDER - 6**

p. 6.) Petitioner did not argue his counsel was ineffective for any other reason. (*See* State's Lodgings F-1, pp. 7-19; F-3 pp. 1-6.)

The Court agrees with Respondent's analysis that the ineffective assistance suppression claim presented to the Idaho Supreme Court does not match any portion of Claim One—that counsel was ineffective for failing to investigate, for deficiently relying on the state's investigation, for failing to discover favorable witnesses, or for failing to obtain *Brady* evidence. (Compare State's Lodgings F-1, pp. 7-19; F-3, pp. 1-6 with Dkt. 1, p. 6.) Therefore, the Court concludes Claim One is procedurally defaulted.

### 4. Discussion of Claim Two

The Court noted in the Initial Review Order that it was unclear whether Petitioner intended to assert a Fourth Amendment suppression stand-alone claim or also a Sixth Amendment ineffective assistance of counsel claim regarding the suppression issue, which has been properly exhausted. The Court will liberally construe the federal Petition to assert the only claim that Petitioner fully exhausted in the state court system. Therefore, he may proceed on Claim Two—construed as an ineffective assistance of counsel claim regarding the suppression issue.

However, the Court agrees with Respondent that Petitioner did not properly raise a stand-alone Fourth Amendment claim on direct appeal[3] or on post-conviction review. That portion of Claim Two is therefore procedurally defaulted.

---

[3] On direct appeal, Petitioner raised a single issue—whether the trial court erred when it denied his motion in limine "to prevent the State from presenting testimony or evidence about broken pieces of a spark plug and a flashlight because the evidence was both irrelevant and unfairly prejudicial." (State's Lodging B-1, p. 5.)

## 5. Discussion of Claim Three

Claim Three is a *Brady* claim—that the State withheld exculpatory evidence from Petitioner and his counsel. Respondent argues that, regardless of whether this *Brady* claim is construed as an ineffective assistance of counsel claim or a stand-alone Fourteenth Amendment claim, Petitioner did not raise it before the Idaho Supreme Court. The state court record bears out Respondent's position. As noted above, the only ineffective assistance claim raised in the Idaho Supreme Court centered on the suppression of evidence issue. The Court agrees that Claim Three, as a Sixth or a Fourteenth Amendment claim, is procedurally defaulted.

## 6. Discussion of Claim Four

Claim Four is like Claim Three—a combination Sixth and Fourteenth Amendment claim, but based on the state district court's refusal to give a jury instruction on a lesser included offense. It is clear from the discussions and footnotes above that the only claims Petitioner exhausted properly in the Idaho Supreme Court was the suppression issue and the motion in limine issue regarding the spark plug and the flashlight. Therefore, this claim, under either theory, is procedurally defaulted.

## 7. Discussion of Cause and Prejudice

The Court provided Petitioner with an opportunity for response. (Dkt. 10.) In his Response, Petitioner asserts: "I honestly feel I was prejudiced by that deficient performance of counsel. I should have been properly informed of an element of the right

offense, and being found guilty by trickery was not taken in compliance with constitutional standards." (Dkt. , p. 1.)

Petitioner provides the following factual assertions to support his view that he was prejudiced by his counsel's performance: "I never used the cards I found just moments before coming into contact with officer. All audio was missing where I tried to tell this man not only where I had just came from, but where I had just found these items scattered all over the sidewalk right around the corner from my house." (*Id*. (verbatim).) He states that he thought he found gifts cards, and it was not his intention to use the credit cards. He attempted to raise all these issues with his attorneys and through his trial and appeals, and no one listened.

While Petitioner may feel slighted by his counsel and the legal system in not listening to his viewpoint about his receipt of the cards and the missing audio tracks, these assertions do not support an argument of cause or prejudice for the default of any of the claims he has brought in his federal petition. The Court did not see any facts that would support cause or prejudice from its review of the record. It appears that appellate counsel carefully selected claims for appeal, because the appellate courts remanded the post-conviction matter on the first appeal, and Petitioner was partly successful in his arguments on direct appeal, though it did not result in relief. Accordingly, the cause and prejudice exception does not apply to excuse the default of Petitioner's claims.

**MEMORANDUM DECISION AND ORDER - 9**

Lastly, Petitioner has produced no new evidence showing he is actually innocent. Ms. Labrum and Ms. Mauch, both victims of the credit card theft, indicated that they had left their credit cards in their cars. The police officer arresting Petitioner said that, from his training, he knew that spark plugs are commonly used to break into cars. Labrum and Mauch's credit cards and spark plug pieces were found on or near Petitioner when he was arrested. *Padilla v. State*, 389 P.3d 169, 171 (Idaho 2016). No evidence of break-in of the victims' cars was found, but "[a] logical, and permissible, inference is that Padilla planned to utilize the spark plug pieces to gain access to the vehicles, but found their use unnecessary because the vehicles were unlocked." *State v. Padilla*, 2012 WL 9500490 at *3 (Idaho Ct. App. Dec. 28, 2012). Petitioner has brought forward no new evidence that would suggest he is actually innocent.

8. **Conclusion**

Petitioner may proceed to the merits of the portion of Claim Two that is the Sixth Amendment ineffective assistance of counsel claim. His other claims will be dismissed with prejudice.

On his remaining claim, Petitioner shall bear the burden of proving that the state court judgment either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or that it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Though the source of clearly established federal law must come from the holdings of the United States Supreme Court, circuit law may be persuasive authority for determining whether a state court decision is an unreasonable application of Supreme Court precedent. *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 2000). However, "circuit precedent may [not] be used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] Court has not announced." *Marshall v. Rodgers*, 133 S.Ct. 1446, 1450 (2013) (citations omitted).

## ORDER

IT IS ORDERED:

1. Respondent=s Motion for Partial Summary Dismissal (Dkt. 8) is GRANTED.

2. Respondent shall file an answer to the remaining claim **within 90 days** after entry of this Order. The answer should also contain a brief setting forth the factual and legal basis of grounds for dismissal and/or denial of the remaining claim. Petitioner shall file a reply (formerly called a traverse), containing a brief rebutting Respondent=s answer and brief, **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

3. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

4. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

DATED: March 6, 2019

B. Lynn Winmill
U.S. District Court Judge